**In the Matter of: WESTEK GEORGIA, LLC, Debtor.**

**No. 03–55298 RFH.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Nov. 15, 2004.

**568**

Bruce Z. Walker, Atlanta, GA, for Westek Georgia, LLC.

Hubert C. Lovein, Jr., Cater C. Thompson, Macon, GA, for Alan R. Oglesbee, Robert E. Johnson, and Gregory W. Phillips.

### AMENDED MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Alan R. Oglesbee, Robert E. Johnson, and Gregory W. Phillips, "Applicants," filed on September 14, 2004, their First And Final Application of Oglesbee, Johnson and Phillips For Reimbursement Of Compensation Paid To Jones, Cork & Miller, LLP. Westek Georgia, LLC, Debtor, filed on October 19, 2004, its objection to the application. The application came on for hearing on October 19, 2004. The Court, having considered the application, the objection, and the arguments of counsel, now publishes this memorandum opinion.

Debtor agreed to purchase substantially all of the assets of a business known as Westek, Inc. Applicants negotiated the sale on behalf of Westek, Inc. The sale closed on November 15, 2003. Debtor contends that Applicants fraudulently misrepresented and concealed the financial obligations of Westek, Inc.

Debtor filed on October 24, 2003, a complaint in state court for damages against Applicants and Westek, Inc. Applicants and Westek, Inc. filed a response to the complaint and also filed a counterclaim and third party complaint. Applicants and Westek, Inc. are represented by Jones, Cork & Miller, LLP in the state court action. The state court action is currently pending.

Applicants and other creditors filed on November 12, 2003, an involuntary petition under Chapter 7 of the Bankruptcy Code against Debtor.[1] Amendments adding other petitioning creditors were filed in December 2003.[2] Jones, Cork & Miller, LLP prepared the involuntary petition and the amendments. Debtor initially opposed the involuntary petition. Debtor, on January 14, 2004, exercised its right to convert the Chapter 7 case to a Chapter 11 case.[3] Debtor is the debtor-in-possession in the Chapter 11 case.

---

1. 11 U.S.C.A. § 303 (West 2004).

2. 11 U.S.C.A. § 303(c) (West 2004).

3. 11 U.S.C.A. § 706(a) (West 2004).

In the application before the Court, Applicants seek allowance as administrative expenses the attorney fees and expenses they incurred in preparing, filing, and adjudicating the involuntary petition (hereafter "bringing the involuntary petition"). Section 503 of the Bankruptcy Code provides in part:

**§ 503. Allowance of administrative expenses**

(a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

. . .

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(A) a creditor that files a petition under section 303 of this title;

. . .

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

11 U.S.C.A. § 503(a), (b)(3)(A), (4) (West 2004).

*Collier on Bankruptcy,* states:

¶ 503.10. **Expenses of Creditors, Custodians and Others; § 503(b)(3).**

. . .

■—**Expenses of Creditor Filing an Involuntary Petition; § 503(b)(3)(A).**

Section 503(b)(3)(A) provides administrative expense status to a creditor filing a petition under section 303. Section 303 governs involuntary bankruptcy petitions and describes the circumstances under which an involuntary case may be filed. Subsections 303(b)(1) and (b)(2) allow an involuntary case to be commenced by entities holding certain types of claims against a debtor. An entity that does so is entitled to reimbursement of costs and expenses under section 503(b)(3)(A). Although that section refers to "a creditor," a reimbursement request can be brought by more than one such creditor if the involuntary petition was filed by multiple creditors.

[a]—**Reasons for Allowing Expenses of Petitioning Creditors.**

The rationale for allowing a petitioning creditor to be reimbursed from the estate is that the petitioning creditor's actions benefited the estate and other creditors. By initiating the case and creating the estate, the petitioning creditor brought those assets under the jurisdiction of the court, thus preventing the debtor from dissipating the assets.

The assumption that creating the case is beneficial to creditors is automatic. Section 503(b)(3)(A) does not require the petitioning creditor to demonstrate that the outcome of the case was more beneficial to creditors than the result that might have obtained had no case been filed. This stands in contrast to section 503(b)(3)(D), which requires a creditor to demonstrate that its action made a substantial contribution to the case.

[b]—**Types of Allowable Expenses.**

A petitioning creditor is entitled to an administrative expense priority for any statutory filing fees paid by the creditor

to initiate the case. 28 U.S.C. § 1930(a) sets forth the required amount that must be paid to initiate a bankruptcy case. The payment requirements apply to involuntary as well as voluntary cases, and the petitioning creditor or creditors are required to pay the fee in involuntary cases.

The other type of expense likely to be incurred by a petitioning creditor is attorney's fees. Reimbursement for attorney's fees is available to a petitioning creditor under section 503(b)(4). The types of activities for which attorney's fees can be recovered include preparation and filing of the involuntary petition, contacting of other creditors to join in the petition, legal and factual research regarding the grounds for filing the case and, if entry of an order for relief is contested by the debtor, litigation of the issue of whether an order for relief should be entered. Priority will obviously be available only if an order for relief is ultimately entered; if no order for relief is entered, the involuntary petition will be dismissed and there will be no bankruptcy case in which an administrative claim can be asserted.

. . .

The filing by the debtor of a voluntary case in response to the involuntary petition should not affect the creditor's right to reimbursement. Section 503(b)(3)(A) awards priority to a creditor filing an involuntary petition, and, as long as the filing gives rises to a bankruptcy case, the creditor is entitled to seek administrative expense status for its costs.

4 *Collier on Bankruptcy,* ¶ 503. 10.[2] (15th ed. rev.2004).

Applicants are entitled to recover their costs and expenses of preparing and filing the involuntary petition and for the adjudication of that issue. 2 *Collier on Bankruptcy,* ¶ 303.03[3] (15th ed. rev.2004). "Section 503(b)(4) provides administrative expense status for the cost of certain professional services incurred by an entity whose expenses are allowable under section 503(b)(3)." 4 *Collier on Bankruptcy,* ¶ 503.11 (15th ed. rev.2004). The professional looks to its client, Applicants, for payment. Applicants in turn request reimbursement from the bankruptcy estate under section 503(b)(4). *Id.* at ¶ 503.11[4].

"If [Applicants] incurred professional fees both for [bringing the involuntary petition] and for other activity in the case, only the former is compensable as an administrative expense." *Id.* at ¶ 503.11[3].

 Applicants have the burden of proving their entitlement to administrative expenses. The expenditures must benefit the bankruptcy estate as a whole rather than just Applicants. *In re Stoecker,* 128 B.R. 205, 208 (Bankr.N.D.Ill.1991).

The Court now turns to consider the application and the attached itemization of professional services. The itemization includes professional services rendered by Applicants' counsel in both the state court proceedings and in the involuntary bankruptcy proceedings. Applicants' counsel stated at the hearing that all entries not related to bringing the involuntary petition have been deleted from the itemization. The Court is satisfied that most, but not all, of the remaining itemized services were necessary to bringing the involuntary petition. The Court will disallow administrative expenses status for the following services:

| Date | Attorney [5] | Service | Time Reduction [4] (hours) | Fee Reduction |
|------|----------|---------|---------------------------|---------------|
| 10–7–03 | CCT | Review pleadings in superior court, case and powers under deed to secure debt | 0.70 | $ 122.50 |
| 10–29–03 | HCL | Prepare notice to produce at hearing or trial | 0.45 | $ 94.50 |
| 12–3–03 | HCL | Work on revisions to answer and draft counterclaim [relates to the superior court action] | 0.55 | $ 115.50 |
| 12–4–03 | HCL | Work on counterclaim [relates to the superior court action] | 0.25 | $ 52.50 |
| 12–8–03 | HCL | Final on third party complaint [relates to the superior court action] | 0.40 | $ 84.00 |
| 12–9–03 | CCT | Research effect of certain petitioning creditors withdrawing [personal decision by Applicants] | 1.60 | $ 280.00 |
| 12–10–03 | CCT | Further research regarding withdrawal by petitioning creditors [personal decision by Applicants] | 0.85 | $ 148.75 |
| 12–22–03 | HCL | Withdrawal as petitioning creditor [personal decision by Applicants] | 0.90 | $ 189.00 |
| 1–7–04 | CCT | Research notice required for motion for adequate protection [does not benefit bankruptcy estate] | 0.60 | $ 105.00 |
| 1–8–04 | CCT | Work on motion for adequate protection; research pension plans [does not benefit bankruptcy estate] | 1.70 | $ 297.50 |
| 1–9–04 | CCT | Work on motion to require payment of rent into registry of court; call court's calendar clerk; prepare notice of hearing [does not benefit bankruptcy estate] | 1.40 | $ 245.00 |
| 1–12–04 | HCL | Call from Med Center regarding medical bills | 0.80 | $ 168.00 |
| | | Total | 10.20 | $1,902.25 |

■ Debtor filed an objection to the application. Debtor notes that Applicants have already paid their professionals and are merely seeking reimbursement. The Court is not persuaded that this should affect Applicants entitlement. Debtor argues that the entries on the itemization are "generic descriptions" that do not ade-

4. CCT is Cater C. Thompson, whose hourly rate is $175. HCL is Hubert C. Lovein, Jr., whose hourly rate is $210.

5. The Court has disallowed one-half of the time reported on the itemized statements when some of the services were not related to bringing the involuntary petition.

quately describe the services rendered. Debtor argues that the failure to provide sufficient detailed descriptions of services makes it impossible for the Court to meaningfully evaluate the services.

The Court notes that Mr. Lovein and Ms. Thompson are experienced bankruptcy counsel who practice before this Court. Their hourly rates are comparable to rates charged by other counsel with similar experience. Their entries on the itemized statements are sufficient to enable the Court to determine the nature of the services rendered. The itemizations are similar to those submitted to the Court in other bankruptcy cases. The Court is persuaded that the attorney time is reasonable considering the nature of the involuntary petition.

As announced in open court on October 19, 2004, Applicants seek to be reimbursed $15,536.50 in attorney fees. That sum will be reduced by $1,902.25 in accordance with this opinion. At the October 19, 2004 hearing, Applicants withdrew their request to be reimbursed for their expenses. The Court need not consider whether the expenses are entitled to administrative expense status.

An order in accordance with this memorandum opinion will be entered this date.